OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court, the parties' briefs and their oral arguments before this Court. Appellant Bohumila Slabochova appeals the decision of the Mahoning County Court of Common Pleas granting summary judgment in favor of Appellee Presidential Square Estates Condominium Association. The issues we must decide are: 1) whether the trial court erred by failing to dismiss the Association's complaint; 2) whether the trial court erred by denying Slabochova's leave to file a counterclaim; and, 3) whether the trial court erred by considering the affidavits submitted in support of the Association's Motion for Summary Judgment.
 {¶ 2} First, because Slabochova failed to file a Civ.R. 12(E) motion before filing her answer, she has waived her right to assert Civ.R. 10(D) as a basis for dismissing the plaintiff's complaint. Therefore, the trial court did not err by failing to dismiss the complaint. Second, because there was no real meaningful argument made by Slabochova nor was there any citation to legal authority or caselaw in support of her second assigned error, this court has chosen to disregard Slabochova's claim relating to her counterclaim pursuant to App.R. 16. Lastly, because Slabochova was required to challenge the affidavits at the summary judgment stage, she has waived any challenge to the validity of the affidavits. Accordingly, we find that all three of Slabochova's claims are without merit and the decision of the trial court is affirmed.
 Facts {¶ 3} On September 18, 2001, a Certificate of Lien was filed by the Association against Slabochova and her interest in condominium unit #3 in the amount of $4,598.75. On January 17, 2002, the Association filed a complaint in foreclosure against Slabochova alleging that she had failed to pay and/or remain current with assessments approved by the Association. The Association further alleged that a continuing monthly maintenance fee of $175.00, which Slabochova had failed to pay for an extended period of time, was chargeable against Slabochova's property in the amount of $5,738.75. In addition, the Association claimed judgment was rendered against Slabochova by Mahoning County Court, Area Court Number Two in the amount of $552.50 resulting in an additional lien against her property.
 {¶ 4} In response, Slabochova filed both an answer and a counterclaim stating that the Association had improperly assessed charges against her. The Association filed a reply to the counterclaim asking that it be dismissed. The case was sent to arbitration but the decision of the arbitrator was vacated by the trial court and returned to the regular docket. The Association filed a Motion for Summary Judgment addressing both the complaint and Slabochova's counterclaim. Slabochova then filed leave to file a crossclaim and a brief in opposition to the motion for summary judgment. On June 3, 2003, the trial court denied Slabochova's leave to file the crossclaim and granted the Association's motion for summary judgment.
 Waiver of Civ.R. 10(D) Challenge {¶ 5} As her first of three assignments of error Slabochova argues:
 {¶ 6} "The trial court erred, to the detriment of Appellant, by failing to dismiss Appellee's complaint."
 {¶ 7} With this assignment, Slabochova claims the Association's complaint should have been dismissed since the condominium rules and bylaws, which the Association relied upon in the complaint, were not attached to the pleading. Slabachova is correct in her assertion that pursuant to Civ.R. 10(D), "[w]hen any claim or defense is founded on an account or other written instrument, a copy thereof must be attached to the pleading. If not so attached, the reason for the omission must be stated in the pleading."
 {¶ 8} However, the proper way to challenge such a failure is by serving a motion for a more definite statement pursuant to Civ.R. 12(E). See Schwartz v. Bank One, Portsmouth, N.A.
(1992), 84 Ohio App.3d 806, 812; Point Rental Co. v. Posani
(1976), 52 Ohio App.2d 183, 186. A defendant who fails to file a Civ.R. 12(E) motion before filing his answer has waived his right to assert Civ.R. 10(D) as a basis for dismissing the plaintiff's complaint. McCamon-Hunt Ins. Agency, Inc. v. Medical Mut. OfOhio, 7th Dist. No. 02 CA 23, 2003-Ohio-1221, ¶ 12.
 {¶ 9} Slabochova did not object to the Association's failure to attach the rules and bylaws until after its motion for summary judgment was filed. Because Slabochova failed to timely challenge the adequacy of the complaint, her first assignment of error is without merit.
 Non-Compliance with App.R. 16 {¶ 10} As her second assignment of error Slabochova argues:
 {¶ 11} "The trial court erred, to the detriment of Appellant, by denying Appellant's Leave to File Counterclaim."
 {¶ 12} In support of this claim, Slabochova merely states:
 {¶ 13} "Appellant was denied an attempt to file a Counterclaim. No reasons were cited. The Trial Court did not state its findings. The Counterclaim should therefore be allowed, as there exists in the record no basis to deny it."
 {¶ 14} As the Association points out in its brief, Slabochova was in fact permitted to file a counterclaim to which the Association responded. It is apparent from the record that Slabochova filed for leave to file a crossclaim after the motion for summary judgment was filed, but leave to file was denied by the trial court. It appears, however, that the crossclaim asserted against an unidentified/unnamed party could have either been considered untimely, improper, or moot by the trial court. Because Slabochova's argument in support of her second assignment of error was both brief and erroneous, these issues were never addressed by Appellee.
 {¶ 15} Considering there is no real meaningful argument made by Slabochova nor was there any citation to legal authority or caselaw in support of her second assigned error, we have chosen to disregard this claim pursuant to App.R. 16.
 Summary Judgment Affidavits {¶ 16} As her third and final assignment of error, Slabochova argues:
 {¶ 17} "The trial court improperly granted summary judgment for Appellee by finding that the affidavits submitted by Appellant met the burden of proof."
 {¶ 18} It does not appear from Slabochova's assigned error or from her argument in support that she believes summary judgment was improperly granted based upon the existence of a genuine issue of material fact. Rather, Slabochova limits her challenge to the types of material relied upon by the Association when moving for summary judgment. Slabochova argues that summary judgment was granted by the trial court based on the opinions of the condominium president that improvements needed to be made instead of on facts.
 {¶ 19} Pursuant to Civ.R.56, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."
 {¶ 20} The Supreme Court in Tomlinson v. Cincinnati (1983),4 Ohio St.3d 66, stated that an affidavit filed in support of a motion for summary judgment is properly considered by a trial court or reviewing court only when it meets the requirements set forth in Civ.R. 56(E). A trial court addressing summary judgment is not required to accept conclusory allegations that are devoid of any evidence which would create an issue of material fact.McCartney v. Oblates of St. Francis deSales (1992)80 Ohio App.3d 345. Statements contained in affidavits must be based on personal knowledge and cannot be legal conclusions. State v.Licsak (1974), 41 Ohio App.2d 165. The term "personal knowledge" is defined in Black's Law Dictionary (6 Ed. 1990) 604 as:
 {¶ 21} Personal knowledge is defined as, "[k]nowledge of the truth in regard to a particular fact or allegation, which is original, and does not depend on information or hearsay. * * *."
 {¶ 22} In the present case, the Association supported its motion for summary judgment with the affidavits of Edward Hassay, the President of the Association and Sherry DeMar, the President and owner of DeMar and Associates Realtors. In addition to these affidavits, the Association provided estimates from several contractors describing the work needed to be done on the common areas of the condominiums.
 {¶ 23} In Hassay's affidavit, he expresses his personal knowledge, by virtue of his position and as a resident in one of the condominiums, of both the need for improvements and the lack of reserved funds for such improvements. Likewise, DeMar, who served as property manager for the Association, described in her affidavit how she developed personal knowledge of the need for improvements and the lack of funds for those improvements through her own investigation and preparation of a plan to institute the necessary changes. DeMar was, in fact, the person who presented the proposed increase in fees to the Association and its members.
 {¶ 24} As for the estimates which were provided, they appear to be hearsay statements on their face. However, because they are not being offered to prove the truth of the matter asserted, they cannot properly be considered hearsay. More specifically, it appears the estimates were offered more as an explanation for Hassay and DeMar's decision to increase the maintenance fees and association fees.
 {¶ 25} Nonetheless, Slabochova maintains that the affidavits are merely opinions and that she has the right to cross examine both the provided estimates and need for work to be done. She claims in her brief that "[t]he pleadings show no facts, not subject to attack as an opinion, that these repairs are required." However, what Slabochova fails to recognize, is that she was required to challenge these things at the summary judgment stage. Because she failed to attach anything in support of her motion in opposition, she did not meet her burden. Moreover, we find the trial court properly admitted the introduction of the affidavits since the president of the Association and the property manager would clearly have personal knowledge regarding the need for repairs to the common areas and the lack of funds for those improvements. Slabochova's third assignment of error is also meritless.
 {¶ 26} Accordingly, the judgment of the trial court is affirmed.
Donofrio, J., concurs.
Vukovich, J., concurs.