DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Diane Keselica, appeals a grant of summary judgment by the Lorain County Court of Common Pleas to Appellee, Charter One Mortgage Corp. ("Charter One"), on an action for foreclosure. We affirm.
 {¶ 2} On March 22, 2002, Appellant executed a note in Charter One's favor and granted a mortgage to Charter One to secure the sums owed on the note. Appellant defaulted on her payments. On September 15, 2003, Charter One filed a complaint for foreclosure. After Appellant filed her answer, Charter One moved for summary judgment. On December 16, 2003, the lower court recorded a journal entry granting Charter One's motion for summary judgment. Appellant appealed, raising one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court erred when it granted summary judgment to [Charter One] in this foreclosure action, despite the absence of any admissible evidence establishing the balance owed to [Charter One]."
 {¶ 3} Appellant argues that Charter One failed to meet its burden in its motion for summary judgment in that it did not include evidence satisfactory under Civ. R.56 to prove the remaining amount owed on the mortgage note. Appellant claims that the affidavits filed in support of Charter One's summary judgment constitute hearsay and therefore are inadmissible.
 {¶ 4} In its complaint, Charter One stated that the amount it was owed totaled $73,621.63, plus interest at the rate of 10.4% per annum, plus late charges. There is attached to the complaint a copy of the mortgage note and the mortgage. Appellant answered, admitting that she was in default but denying the amount alleged by Charter One for lack of sufficient knowledge.
 {¶ 5} Charter One's motion for summary judgment contained an affidavit swearing that the loan file was in the custody of the affiant, that the affiant was familiar with the account of the Appellant, that "the copies of the note and mortgage attached to [the] [c]omplaint are true and accurate copies of the original instruments[,]" and that the balance due was $73,621.63 plus interest at 10.4% per annum, plus fees. Appellant opposed the motion on the ground that Charter One had not properly established the balance due with admissible evidence pursuant to Civ.R. 56 and Evid.R. 803(6).
 {¶ 6} Charter One replied stating that the affidavit met the requirements of Civ.R. 56 and was admissible under Evid.R. 803 because the affiant relied upon documents which were business records and therefore not excluded by the hearsay rule. Charter One submitted a supplemental affidavit in which a second affiant swore that the documents she relied upon to support her affidavit were records made and kept in the course of Charter One's regularly conducted business activity. As the previous affiant had stated, the second affiant also acknowledged that the copies of the note and mortgage attached to the complaint are true and accurate copies of the original, that Charter One was the owner and holder of the note and mortgage, and that the balance due was $73,621.61 plus interest at 10.4% per annum plus fees.
 {¶ 7} Appellant claims that the two affidavits are insufficient to establish the amount due on the note. She argues that the affidavits were inadmissible hearsay and that it was in error for the trial court to grant summary judgment on behalf of Charter One.
 {¶ 8} We begin by noting that appellate courts consider an appeal from summary judgment under a de novo standard of review.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105,1996-Ohio-336. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 711. Thus, this Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party. Civ.R. 56(C); Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1, 2.
 {¶ 9} Summary judgment is proper under Civ.R. 56 when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the non-moving party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
 {¶ 10} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Civ.R. 56(E) provides that after the moving party has satisfied its burden of supporting its motion for summary judgment, the non-moving party may overcome summary judgment by demonstrating that a genuine issue exists to be litigated for trial. State ex rel. Zimmermanv. Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 11} We find that no genuine issue exists to be litigated for trial. The affidavits submitted by Charter One are adequate to establish the amount owed by Appellant. We find that they are admissible under Civ.R. 56, they do not constitute hearsay and were properly considered by the court below. Appellant did not submit any evidence controverting the sum Charter One claimed was due. Therefore, the decision of the lower court to grant summary judgment in favor of Charter One is upheld.
 {¶ 12} Civ.R. 56(E) provides that affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." "Unless controverted by other evidence, a specific averment that an affidavit pertaining to business * * * is made upon personal knowledge of the affiant * * * satisfies the Civ.R. 56(E) requirement that affidavits supporting and opposing motions for summary judgment show that the affiant is competent to testify to the matters stated." State ex rel. Corrigan v.Seminatore (1981), 66 Ohio St.2d 459, at paragraph two of the syllabus. Where the nature of the facts contained in the affidavit, together with the identity of the affiant, creates a reasonable inference that the affiant has knowledge of the facts therein, an affiant must merely state that he had personal knowledge of the matter to satisfy Civ.R. 56(E). Bank One, N.A.v. Swartz, 9th Dist. No. 03CA008308, 2004-Ohio-1986, at ¶ 14, citing Merchants Natl. Bank v. Leslie (Jan. 21, 1994), 2nd Dist. No. 3072.
 {¶ 13} Civ.R. 56(E) further requires that "[s]worn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit." The Ohio Supreme Court has stated that this requirement is satisfied by a statement in the affidavit declaring that the copies of the documents submitted are true and accurate reproductions of the originals. Corrigan, 66 Ohio St.2d at 467.
 {¶ 14} Charter One's two affidavits comply with Civ.R. 56(E). Both affidavits state that they were made upon personal knowledge of the affiant and reference the documents filed with the complaint. The affidavit attached to Charter One's motion for summary judgment stated that the affiant is a servicing agent for Charter One, that in such position she has custody of and is familiar with the account of Appellant, and that the note and mortgage attached to the complaint are accurate copies of the original instruments.
 {¶ 15} The second affidavit filed by Charter One similarly states that the affiant is an officer of Charter One Mortgage Corp, that she had first-hand knowledge of the account of Appellant based on her job duties and responsibilities, that she relied on records made as part of the regular practice of Charter One's business activity and are kept in the course of the regularly conducted business activity, and that the mortgage and note attached to the complaint are true and accurate copies of the original. Therefore, both affidavits are sufficient to satisfy Civ.R. 56(E). See Corrigan, 66 Ohio St.2d at 467.
 {¶ 16} Charter One has established the amount due under the note. In the absence of evidence controverting the averments as to the amount owed, an affidavit stating simply that the loan is in default is sufficient for purposes of Civ.R. 56. Bank One at ¶ 14. In the first affidavit, the affiant swore that that the account is in default and therefore, Charter One has exercised the option to accelerate the loan. She stated that the balance due is $73,621.63 plus interest and fees. The second affiant likewise stated that the amount due is $73,621.63 plus interest and fees.
 {¶ 17} The Appellant has merely stated that that Charter One failed to properly establish the amount due. Civ.R. 56(E) provides:
"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."
 {¶ 18} Appellant did not contest that the note was in default, nor did she claim another amount was due. She did not present evidence that the amount owed is incorrect. Consequently, the affidavits are sufficient to properly demonstrate the outstanding debt. Bank One at ¶ 15. For the above reasons, summary judgment was appropriately granted in favor of Charter One.
 {¶ 19} Appellant's assertions that the affidavits violate the hearsay rules of evidence are without merit. Evid.R. 803(6) addresses the admissibility of business records as an exception to the general hearsay rule. Evid.R. 803(6) excepts from the hearsay rule records kept in the course of a regularly conducted business activity if it was the regular practice of that business to make such records and those records were made by or from information transmitted by a person with knowledge.
 {¶ 20} The statements in the affidavits refer to business records which are not hearsay; they are records kept in the course of regularly conducted business activity. It was the regular practice of Charter One to make records pertaining to mortgages it was granted and notes it owned.
 {¶ 21} Evid.R. 803(6) does not require an affiant to have personal knowledge of the exact circumstances of the preparation and production of the document so long as the affiant demonstrates that he or she is sufficiently familiar with the operation of the business and with the circumstances of the preparation in order to testify that the record is made in the ordinary course of business. Hinte v. Echo, Inc. (1998),130 Ohio App.3d 678, 684.
 {¶ 22} Both affiants testified that they were employees at Charter One. The first affiant testified that the she is a servicing agent for Charter One and she has custody and is familiar with the account of the Appellant. The second affiant testified that she has first hand knowledge of the account of the appellant based on her job duties. She further stated that she relied on documents that were made in the regular practice of the Charter One's business. Both affiants stated that they were familiar with the account and the records kept therein, and thereby they both are people with knowledge regarding the records. Consequently, the affidavits are not in violation of the hearsay rules and were properly admitted. See Evid.R. 803(6).
 {¶ 23} Appellant defaulted on Charter One's note. "Once a default * * * has occurred under the terms of a mortgage and mortgage note, and once the mortgage and mortgage note have been accelerated, the holder of the mortgage note (i.e. the mortgagee) is entitled to judgment." Metro. Sav. Bank v. Papadelis (Sept. 13, 1995), 9th Dist. No. 2380-M, at 6. Charter One, as was its right under the terms of the mortgage deed, accelerated the loan and is entitled to judgment as a matter of law. There remain no issues of material fact to be litigated. The affidavits were properly admitted and considered by the trial court. Appellant's assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Whitmore, J., concur.