DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Sherry L. Rodriguez has appealed the decision of the Lorain County Court of Common Pleas that granted summary judgment to Plaintiff-Appellee Countrywide Home Loans, Inc., and found her in default. This Court affirms.
 I {¶ 2} This consolidated appeal arose from a complaint for a money judgment, foreclosure and relief filed by Plaintiff-Appellee Countrywide Home Loans, Inc. ("Countrywide") against Defendant-Appellant Sherry L. Rodriguez ("Rodriguez"). In its complaint, filed on October 21, 2002, Countrywide claimed that it was the holder of a promissory note and mortgage secured by real property owned by Rodriguez and located in Lorain County, Ohio. Countrywide further asserted that Rodriguez was in default on the promissory note and mortgage and, as a result, declared the entire debt of $37, 168.31 due and owing pursuant to the acceleration clause of the promissory note.
 {¶ 3} Rodriguez answered Countrywide's complaint on June 13, 2003, wherein she admitted that Countrywide owned a promissory note and mortgage secured by her real property, and denied all other substantive claims in the complaint. On August 1, 2003, Countrywide filed a motion for summary judgment. Attached to its motion for summary judgment was an affidavit from Brandi Olchak ("Olchak"), an agent and "Fcl Specialist" for Countrywide.[1] In her affidavit, Olchak asserted that Rodriguez was in default on her promissory note and mortgage, and that $37,168.31 was due and owing on Rodriguez' account.
 {¶ 4} Rodriguez responded to Countrywide's complaint on August 18, 2003. In her response, Rodriguez argued that she did not owe Countrywide $37,168.31. She also argued that summary judgment was precluded because Countrywide "failed to establish the amount claimed to be due and owing by evidence that comports with the Ohio Rules of Civil Procedure and the Ohio Rules of Evidence."
 {¶ 5} The trial court granted Countrywide's motion for summary judgment on August 22, 2003 and entered a default judgment against Rodriguez on that same date. Later, on September 22, 2003, the trial court entered judgment for Countrywide on its complaint for foreclosure. The September 22, 2003 judgment entry further stated that "Rodriguez [was] in default of [a]nswer or other pleading and thereby confess[ed] the allegations of the [c]omplaint to be true[.]"
 {¶ 6} Rodriguez has timely appealed the trial court's decision of August 22, 2003 wherein it granted summary judgment for Countrywide, asserting one assignment of error. In a second appeal filed to this Court, Rodriguez timely appealed the September 22, 2003 decision finding Rodriguez in default for failing to answer Countrywide's complaint, asserting one assignment of error.[2]
 II Assignment of Error Number One
"The trial court erred when it granted summary judgment to [countrywide] in this foreclosure action, despite the absence of any admissible evidence establishing the balance owed to [countrywide]."
 {¶ 7} In her first assignment of error, Rodriguez has argued that the trial court erred when it granted summary judgment to Countrywide because Countrywide failed to establish the amount that was due and owing on the promissory note held by Countrywide. Specifically, Rodriguez has argued that Olchak's affidavit wherein she asserted that $37,168.31 was due and owing on the promissory note was not supported by personal knowledge and admissible evidence pursuant Civ.R. 56(E). We disagree.
 {¶ 8} Appellate courts review the grant of summary judgment de novo, applying the same standard used by the trial court.Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336. Accordingly, an appellate court "review[s] the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion." Am.Energy Serv., Inc. v. Lekan (1992), 75 Ohio App.3d 205, 208. Under Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293, 1996-Ohio-107. Any doubt is to be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co.
(1983), 13 Ohio App.3d 7, 12. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Dresher, 75 Ohio St.3d at 293. Once this burden is satisfied, the nonmoving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
 {¶ 9} Pursuant to Civ.R. 56(C), only certain evidence and stipulations, as set forth in that section, may be considered by the court when deciding a motion for summary judgment. Specifically, the court is only to consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence and written stipulations of fact." Civ.R. 56(C). However, the trial court may consider a type of document not expressly mentioned in Civ.R. 56(C) if such document is "accompanied by a personal certification that [it is] genuine or [is] incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E)." Modon v. Cleveland (Dec. 22, 1999), 9th Dist. No. 2945-M, at 5, citing Bowmer v.Dettelbach (1996), 109 Ohio App.3d 680, 684.
 {¶ 10} Civ.R. 56(E) provides that such an affidavit must "be made on personal knowledge, [and] set forth such facts as would be admissible in evidence." Civ.R. 56(E). The rule further provides that a sworn or certified copy of the document referred to in the affidavit must be attached to or served with the affidavit. Id. "`Personal knowledge' has been defined as `knowledge of factual truth which does not depend on outside information or hearsay.'" Modon, supra, at 5, quoting Wall v.Firelands Radiology, Inc. (1995), 106 Ohio App.3d 313, 335. The requirement that the papers be sworn or certified is satisfied by a certification contained within the paper itself. Wall,106 Ohio App.3d at 334, citing Olverson v. Butler (1975),45 Ohio App.2d 9, 12.
 {¶ 11} Rodriguez first has argued that Olchak's affidavit did not comport with Civ.R. 56(E) because Olchak's assertion that Rodriguez owed Countrywide $37,168.31 on the promissory note was based on inadmissible hearsay evidence rather than personal knowledge. Countrywide has argued that Olchak's affidavit was based on both personal knowledge and business records that were admissible pursuant to Evid.R. 803(6).
 {¶ 12} Evid.R. 803(6) governs the admissibility of business records as an exception to the hearsay rule. Specifically:
"Evid.R. 803(6) excepts from the hearsay rule records kept in the course of a regularly conducted business activity if it was the regular practice of that business to make such records and those records were made by or from information transmitted by a person with knowledge." Charter One Mortgage Corp. v. Keselica,
9th Dist. No. 04CA008426, 2004-Ohio-4333, at ¶ 19.
 {¶ 13} In the instant matter, the affidavit attached to Countrywide's motion for summary judgment stated the following: 1) Olchak was an officer of Countrywide; 2) the promissory note and mortgage deed attached to Countrywide's complaint were true and accurate copies of the original instruments held by Countrywide; 3) Rodriguez' loan was under Olchak's supervision; 4) Olchak had examined Rodriguez' account and had personal knowledge of the account; 5) Countrywide had exercised the acceleration clause of the loan; and 6) Rodriguez' loan had a balance due and owing of $37,168.31 plus interest and other expenses. In the affidavit, Olchak also stated that "[a] true record of the payments on [Rodriguez'] account" was attached to her affidavit. The attached document, entitled "Payment/Escrow Detail," chronicled the payment history of Rodriguez account.
 {¶ 14} Our review of the affidavit and "Payment/Escrow Detail" document convinces us that the statements in Olchak's affidavit refer to business records kept in Countrywide's ordinary course of Countrywide's regularly conducted business activity. It was clearly the regular practice of Countrywide to generate and maintain records relating to mortgages and promissory notes it held. As a result, the statements in Olchak's affidavit were based on admissible evidence, namely Countrywide's business records. See Evid.R. 803(6).
 {¶ 15} As for Rodriguez' argument that Olchak's affidavit was not based on personal knowledge, this Court has previously held that an affiant's mere assertion that he has personal knowledge of the facts asserted in an affidavit can satisfy the personal knowledge requirement of Civ.R. 56(E). See Bank One v. Swartz,
9th Dist. No. 03CA008308, 2004-Ohio-1986, at ¶ 14. A mere assertion of personal knowledge satisfies Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit. Id.
 {¶ 16} In the instant matter, the affiant, Olchak, stated that she was an officer of Countrywide and a supervisor of Rodriguez' account. Rodriguez presented no evidence to refute this claim. In her affidavit, Olchak also stated the amount that was due and owing on Rodriguez' account, as well as the annual rate of interest and other details of the account. Her statements also referenced the promissory note and mortgage deed attached to Countrywide's complaint. We find that the identity of Olchak as the affiant, combined with the nature of the facts asserted in her affidavit created a reasonable inference that Olchak did in fact have personal knowledge of the amount of money that was due and owing on Rodriguez' account. As such, Olchak's affidavit satisfied the personal knowledge requirement of Civ.R. 56(E).
 {¶ 17} Based on the foregoing, this Court concludes that Olchak's affidavit complied with Civ.R. 56(E) and was properly relied upon by the trial court when it granted summary judgment to Countrywide. Furthermore, as Rodriguez failed to refute Countrywide's assertion that Rodriguez owed Countrywide $37,168.31 pursuant to the promissory note, Olchak's affidavit served to establish the amount that was due and owing on Rodriguez' account with Countrywide. See Dresher,75 Ohio St.3d at 293. As a result, we conclude that reasonable minds could come to but one conclusion, namely that Countrywide was entitled to judgment as a matter of law on its complaint for money judgment, foreclosure and relief. Appellant's first assignment of error lacks merit.
 Assignment of Error Number Two
"The trial court erred when it found that [Rodriguez] was `in default of answer or other pleading' and that she thereby confessed the allegations of the complaint to be true."
 {¶ 18} In her second assignment of error, Rodriguez has argued that the trial court erred when it found that she had failed to answer Countrywide's complaint. Specifically, she has argued that the docketing statement in the instant matter clearly reveals that she answered Countrywide's complaint on June 13, 2003, and that her answer was still valid because it had never been stricken from the record. She has further argued that the trial court's error was not harmless. We disagree.
 {¶ 19} Conclusions of law, such as a determination of default, are afforded no deference and reviewed de novo. SeeSchiesswohl v. Schiesswohl, 9th Dist. No. 21629, 2004-Ohio-1615, ¶ 36. Furthermore, Civ.R. 61 provides:
"* * * [N]o error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice." See, also, Siuda v.Howard, 1st Dist. Nos. C-000656, C-000687, 2002-Ohio-2292, at ¶ 21, citing Meyers v. Hot Bagels Factory, Inc. (1999),131 Ohio App.3d 82, 100-101 (stating that harmless error is an error that does not affect the substantial rights of the parties.).
 {¶ 20} "`In determining whether a substantial right of a party has been affected, the reviewing court must decide whether the trier of fact would have reached the same decision, had the error not occurred.'" Prakash v. Copley Twp., 9th Dist. No. 21057, 2003-Ohio-642, at 16, quoting Moore v. Univ. of Akron
(Aug. 1, 2001), 9th Dist. No. 20320, at 3.
 {¶ 21} In the instant case, Rodriguez has argued that the trial court's statement that she was in default was not harmless error because such a finding would preclude her from appealing the trial court's decision granting summary judgment for Countrywide. Countrywide has argued that the trial court's statement that Rodriguez was in default was undeniably "in error" but essentially had no effect on the disposition of her case.
 {¶ 22} Our review of the record reveals that the trial court entered a judgment of foreclosure for Countrywide on September 22, 2003. In that judgment entry, the trial court stated that Rodriguez was in default "of [a]nswer or other pleading and thereby confess[es] the allegations of the complaint to be true." It is undisputed between the parties that this finding of "default" was in error; we agree with the parties on this issue. We must, however, determine if the error was harmless pursuant to Civ.R. 61.
 {¶ 23} Our further review of the record reveals that the trial court found Rodriguez in "default" after it had considered her response to Countrywide's motion for summary judgment. Thus it is obvious that her response was given full affect by the trial court and she was fully able to defend herself against Countrywide's claims. The finding of "default" had no effect on the disposition of Rodriguez' case as summary judgment had already been granted. Furthermore, the judgment of foreclosure had also already been entered on behalf of Countrywide. All that remained was for Countrywide to provide a legible description of the subject real property to the trial court for purposes of the foreclosure decree.[3]
 {¶ 24} Based on the foregoing, we find that the portion of the September 22, 2003 journal entry stating that Rodriguez was in default "of [a]nswer or other pleading and thereby confess[es] the allegations of the complaint to be true" did not affect a substantial right of Rodriguez and constituted harmless error.Prakash, 2003-Ohio-642, Moore, supra; see, also, Civ.R. 61. Rodriguez' second assignment of error lacks merit.
 III {¶ 25} Rodriguez' two assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Boyle, J., concur.
[1] Countrywide never provided a definition of an "Fcl Specialist." However, it appears from the record and the briefs that Olchak was a foreclosure specialist.
[2] Rodriguez' two appeals were consolidated by this Court on February 5, 2004. Rodriguez first appealed the trial court's decision granting summary judgment to Countrywide. In that appeal, Case No. 03CA008345, she asserted one assignment of error which we will hereinafter refer to as "Assignment of Error Number One." In her second appeal, Rodriguez appealed the trial court's decision finding her in default. In that appeal, Case No. 03CA008417, she asserted one assignment of error which we will hereinafter refer to as "Assignment of Error Number Two."
[3] The foreclosure judgment was entered on August 22, 2003, at which time the trial court stated that the document describing the subject real property was not legible. In its journal entry, the trial court stated that it had entered judgment for Countrywide on its complaint of foreclosure, but it would not sign the decree of foreclosure until a legible description of the subject real property was provided to the trial court. A legible description was provided to the trial court and attached to the trial court's September 22, 2003 journal entry.