DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Sheila Fleming, appeals from the judgment entry of the Lorain County Court of Common Pleas, which granted summary judgment in favor of appellee, Lorain Community College, and dismissed appellant's claims. This Court affirms.
 I. {¶ 2} Appellant began taking classes at Lorain Community College ("LCC") in February 2003. On Tuesdays and Thursdays, appellant took the elevator in the Learning Center building one time per day between classes. On September 25, 2003, as appellant was entering the elevator, the elevator floor allegedly dropped ten to twelve inches. Appellant lost her balance and fell, catching herself against the rear wall of the elevator and sustaining injuries.
 {¶ 3} On March 16, 2004, appellant filed a complaint against appellee, alleging that she was injured as a result of appellee's negligence in its maintenance of the Learning Center elevator. Appellee denied the allegations in the complaint and alleged, in part, that it was immune from liability pursuant to R.C. Chapter 2744.
 {¶ 4} Appellee filed a motion for summary judgment, asserting that it was immune from liability; that it was not negligent in the maintenance of the elevator; and that appellant failed to exercise reasonable care, which failure was the proximate cause of appellant's injuries. Appellant filed a memorandum in opposition to appellee's motion for summary judgment. On November 15, 2004, the trial court granted summary judgment in favor of appellee, finding that appellee had no notice of any problem with the elevator and was, therefore, not negligent. Appellant timely appealed, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The trial court committed prejudicial error when it granted defendant's motion for summary judgment."
 {¶ 5} Appellant argues that the trial court erred by granting summary judgment in favor of appellee, because she established that appellee was aware of misleveling problems with the Learning Center building elevator and was, therefore, negligent. Appellant further argues that, even if she was negligent or assumed the risk of injury, her negligence or assumption of the risk does not bar her recovery, so that the trial court erred by granting summary judgment in favor of appellee. This Court disagrees.
 {¶ 6} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 7} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 8} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v.Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 9} The trial court granted summary judgment in favor of appellee upon a finding that appellee had no notice of any problems with the elevator, so that appellee could not be negligent in regard to the situation with the elevator.
 {¶ 10} To prevail on a claim of negligence, appellant must demonstrate the existence of a duty on appellee's part, appellee's breach of that duty, and an injury proximately resulting from the breach of duty. Menifee v. Ohio WeldingProds., Inc. (1984), 15 Ohio St.3d 75, 77. Whether or not a duty exists depends on the foreseeability of the injury. Id. "The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act." Id. Specifically, whether harm is foreseeable depends on appellee's knowledge.Thompson v. Ohio Fuel Gas Co. (1967), 9 Ohio St.2d 116,119-120.
"In determining whether appellee should have recognized the risks involved, only those circumstances which [it] perceived, or should have perceived, at the time of [its] actions should be considered. Until specific conduct involving an unreasonable risk is made manifest by the evidence presented, there is no issue to submit to the jury." Menifee, 15 Ohio St.3d at 77, citingEnglehardt v. Philipps (1939), 136 Ohio St. 73; Prosser 
Keeton, Law of Torts (5 Ed. 1984) 169, Section 31.
 {¶ 11} At her deposition, appellant testified that she had used the elevator in appellee's Learning Center building twice a week from February 2003 until September 25, 2003 without experiencing a similar problem, where the elevator floor was not level with the ground floor. Appellant further testified that no other student discussed with her any problems with the elevator between February 2003 and September 25, 2003. Appellant continued that she used the elevator three or four times after the accident without any problems.
 {¶ 12} Appellant submitted photographs of the elevator as an exhibit at the deposition. She testified that she took the photographs one to two months after the incident. The photographs show the elevator floor flush with the ground floor. In other words, there is no evidence of misleveling in the photographs.
 {¶ 13} Appellee appended two affidavits to its motion for summary judgment. Richard Barnard, LCC plant operations worker, averred that he investigated the elevator after the incident and found no evidence of any problems. Robert Shoop, LCC director of the physical plant, averred that his office would have been advised of any complaints regarding any LCC elevators. He further asserted that his office never received any complaints prior to September 25, 2003 that the elevator in the Learning Center building was misleveling. Mr. Shoop averred that Thyssen Elevator Co. inspected the elevator on August 28, 2003, and reported no problems. He continued that Thyssen Elevator Co. adjusted the closing time of the Learning Center elevator on November 17, 2003, but performed no other work.
 {¶ 14} Under the circumstances, appellee presented sufficient evidence to meet its burden of establishing that it had no prior notice of any problems with the Learning Center elevator, and in particular no notice that the elevator had been misleveling.
 {¶ 15} Appellant appended her own affidavit to her opposition to appellee's motion for summary judgment. Appellant averred that she had a conversation with an unidentified maintenance worker at LCC after the incident. Appellant further averred that the maintenance worker told her that "they had problems with the elevators all the time."
 {¶ 16} Civ.R. 56(E) provides that "[s]upporting and opposing affidavits shall be made on personal knowledge [and] shall set forth such facts as would be admissible in evidence[.]" This Court has defined "personal knowledge" as "knowledge of factual truth which does not depend on outside information or hearsay."Countrywide Home Loans, Inc. v. Rodriguez, 9th Dist. Nos. 03CA008345 03CA008417, 2004-Ohio-4723, at ¶ 10.
 {¶ 17} In this case, appellant has averred that appellee must have been aware of misleveling problems with the Learning Center building elevator based on the statement of an unidentified LCC maintenance worker that "they had problems with the elevators all the time." Appellant provides no evidence that the unidentified maintenance worker was charged with maintaining appellee's elevators. On the contrary, appellee provided evidence that it contracted the maintenance and repair of its elevators to Thyssen Elevator Co. In addition, appellant provides no evidence that the unidentified maintenance worker meant that appellee experienced misleveling problems in particular, rather than other problems which presented no risk of physical harm to persons. Under these circumstances, this Court finds that appellant has failed to meet her reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. Zimmerman, 75 Ohio St.3d at 449.
 {¶ 18} Appellee established by sufficient and acceptable evidence pursuant to Civ.R. 56(C) that it had no knowledge, either actual or constructive, that the elevator in its Learning Center building was misleveling and, therefore, presented a risk of injury. Because appellee had no knowledge of any problems with the elevator, the risk of injury to appellant was not foreseeable. Where appellee presented sufficient evidence to establish that it could not have foreseen any injury to appellant, appellee had no duty to warn against and/or have corrected the elevator misleveling problem. Accordingly, appellee was not negligent. Therefore, no genuine issue of material fact exists, and appellee is entitled to judgment as a matter of law. Appellant's assignment of error is overruled.
 III. {¶ 19} Appellant's assignment of error is overruled. The judgment entry of the Lorain County Court of Common Pleas, which granted summary judgment in favor of appellee and dismissed appellant's claims, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, P.J. Moore, J. Concur.