[Cite as *Am. Express Centurian Bank v. Banaie*, 2010-Ohio-6503.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| AMERICAN EXPRESS CENTURIAN BANK, ISSUER OF THE AMERICAN EXPRESS CARD, | ) ) ) | CASE NO. 10 MA 9 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| SOHRAB BANAIE, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:       Civil Appeal from Common Pleas
                                Court, Case No. 08 CV 4812.

JUDGMENT:                       Affirmed.

APPEARANCES:
For Plaintiff-Appellee:         No Brief Filed.

For Defendant-Appellant:        Attorney Matthew Giannini
                                1040 South Commons Place
                                Suite 200
                                Youngstown, OH  44514

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                                Dated: December 22, 2010

DeGenaro, J.

{¶1}     This timely appeal comes for consideration upon the record in the trial court and Appellant's brief.  Defendant-Appellant, Sohrab Banaie timely appeals the decision of the Mahoning County Court of Common Pleas granting summary judgment in favor of Plaintiff-Appellee, American Express Centurion Bank and awarding $31,357.02 plus interest and costs for Banaie's default on a credit card account.  Banaie argues that American Express' evidence in support of its motion for summary judgment was not proper and a genuine issue of material fact remained regarding the terms of the credit card account and the amount owed.  American Express' evidence was proper and sufficient to establish that there is no genuine issue of material fact as to the contract or the damages, and that American Express was entitled to judgment as a matter of law. Accordingly, the trial court's decision is affirmed.

### Facts and Procedural History

{¶2}     American Express Centurion Bank filed a complaint seeking judgment on Banaie's credit card account.  American Express attached an "Agreement between Optima Cardmember and American Express Centurion Bank" member agreement to the complaint which listed the terms of use for the credit card.

{¶3}     Banaie admitted that he opened the account with American Express and that he was in default of the payments.  However, Banaie denied the terms and conditions of the credit card agreement and asserted that he received neither the terms and conditions nor the written contract.  Instead, Banaie maintains that he received only "an envelope and a card."  Banaie also disputed the amount of the balance due and contended that the interest rate was inaccurate.

{¶4}     American Express moved for summary judgment and attached the affidavit of Vickie I. Chao.  She averred that American Express' records confirm Banaie opened the account, used the account, that there exist monthly statements listing the transactions, fees, charges and interest on the account, and that the amount owed totaled $31,107.02 plus 5% interest from the date of judgment, plus court costs.  Also attached to the motion for summary judgment were Banaie's answers to requests for admission and balance statements from January to May 2009, identifying Banaie as the debtor and

listing the activity for each month

**{¶5}** Banaie opposed the motion arguing that American Express' supporting affidavit was invalid because Chao did not specifically swear that she was testifying based on personal knowledge. Banaie also argued that Chao never "avers that he [sic] personally reviewed the records which he [sic] deems were made and kept." Finally, Banaie argued that neither the complaint nor the summary judgment motion complied with Civ. R. 10(D) because the record of account the claim was founded upon was not attached.

**{¶6}** The trial court granted summary judgment in favor of American Express and awarded costs as well as the sum of $31,357.02 with interest from the date of judgment, at the statutory rate of 5% per annum until the amount was paid in full.

### Summary Judgment

**{¶7}** Appellant Banaie asserts one assignment of error:

**{¶8}** "The trial court erred by granting summary judgment to [sic] Notwithstanding the existence of genuine issue of material fact. [sic]"

**{¶9}** As an initial matter, because there was no appellee brief filed, App. R. 18(C) applies to this case, which provides in pertinent part: "if an Appellee fails to file the appellee's brief within the time provided * * * in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

**{¶10}** We review summary judgments de novo. *Thompson v. Campbell*, 7th Dist. No. 07-MA-54, 2008-Ohio-1545, at ¶9. Summary judgment will not be granted unless it appears that "reasonable minds can come to but one conclusion and that conclusion is adverse" to the non-movant, who is "entitled to have the evidence or stipulation construed most strongly" in its favor, because it terminates litigation. Civ.R. 56(C); *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377. The moving party "bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Hostein v. Ohio*

*Valley Vulcanizing, Inc.*, 7th Dist. No. 06 BE 41, 2007-Ohio-3329, at ¶11, citing *Dresher v. Burt*, (1996) 75 Ohio St.3d 280, 296, 662 N.E.2d 264. The non-movant then "has the reciprocal burden of specificity and cannot rest on the mere allegations or denials in the pleadings." *Pinnacle Credit Servs., Inc. v. Kuzniak*, 7th Dist. No. 08 MA 111, 2009-Ohio-1021, at ¶15, citing *Dresher*, at 293. An issue of material fact is dependant on the substantive law that is being litigated. *Hoyt, Inc. v. Gordan & Assoc., Inc.* (1995), 104 Ohio App.3d 598, 603, 662 N.E.2d 1088.

**{¶11}** A suit regarding a credit card balance is "founded upon contract and thus a plaintiff must prove the necessary elements of a contract action". *Capital One Bank (USA), N.A. v. Heidebrink*, 6th Dist. No OT-08-049, 2009-Ohio-2931, at ¶29, quoting *Gabriele v. Reagan* (1988), 57 Ohio App.3d 84, 85, 566 N.E.2d 684. The elements of a breach of contract claim are: 1) the existence of a contract, 2) performance by the plaintiff, 3) breach by the defendant, and 4) damage or loss to the plaintiff. *Lucio v. Safe Auto Ins. Co.*, 183 Ohio App.3d 849, 2009-Ohio-4816, 919 N.E.2d 260, at ¶23.

**{¶12}** As for the first element, American Express presented evidence of Banaie's use of the credit card in its motion for summary judgment, attaching monthly billing statements indicating Banaie's ownership and use of the card. Furthermore, Banaie admitted that he personally executed the account. However, Banaie denies the existence of a written contract and claimed that he received only an "envelope and a card" in the mail. Viewing the evidence in a light most favorable to Banaie *might* lead one to conclude there is no written contract, as one was not attached to the complaint or motion for summary judgment. There is no document containing Banaie's signature. Banaie denies that he even received the "Cardmember Agreement," which listed the terms of use for the card, until he received it attached to American Express' complaint.

**{¶13}** Even if no express written contract exists, sufficient evidence of a meeting of the minds can establish a contract implied in fact. *Dunn v. Bruzzese*, 172 Ohio App.3d 320, 2007-Ohio-3500, 874 N.E.2d 1221, at ¶28. A meeting of the minds is "shown by surrounding circumstances, including the conduct and declarations of the parties, that make it inferable that the contract exists as a matter of tacit understanding." Id.

{¶14} There is no genuine issue that Banaie used the card. American Express submitted monthly billing statements showing Banaie's use of the card. Banaie admitted that he executed the account and used the card. Banaie does not dispute that he is in default, but only the amount. Construing this evidence in a light most favorable to Banaie, it is "reasonably certain that an agreement was intended." Id., citing *Lucas v. Costantini* (1983), 13 Ohio App.3d 367, 370, 13 OBR 449, 469 N.E.2d 927. Thus, American Express has established the existence of an implied-in-fact contract.

{¶15} Turning to the next two elements, American Express established that it performed its contractual obligations and that Banaie defaulted in meeting his contractual obligations. American Express submitted evidence that it extended credit to Banaie and provided him with the card, and Banaie admitted that he did default by failing to make scheduled payments. Thus, there is no genuine issue as to these two elements.

{¶16} For the final element, American Express must establish that it has suffered damages due to Banaie's nonpayment of the credit extended. And while American Express has established that there is a balance due, the narrower question is whether there is no genuine issue as to the amount of damages.

{¶17} American Express has offered monthly account statements, requests for admissions, and an affidavit, which provide evidence of the amount owed. Banaie insists that the affidavit and the monthly statements are not valid or sufficient evidence for summary judgment purposes. However, Banaie offered no evidence of what the balance due and the interest rate should be, and only stated that the amount is in dispute. Banaie did not meet his reciprocal summary judgment burden of specificity and instead relied solely on showing the inadequacy of American Express' evidence. See *Pinnacle* at ¶19. However, the uncontroverted evidence offered by American Express must still be sufficient to support summary judgment.

### Affidavit Pursuant to Civ.R. 56

{¶18} Banaie argues that the Chao affidavit is faulty because it does not indicate that Chao testified based upon her personal knowledge of Banaie's account and American Express' accounting process; that American Express has simply asserted legal

conclusions without sufficient evidence of its damages for purposes of summary judgment.

{¶19} Civ.R. 56(E) requires that "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Chao averred she is an authorized agent of American Express, and that she made her statements based upon her "knowledge of, familiarity with, and review of Plaintiff's books and records for Sohrab Banaie", which were kept in the ordinary course of American Express' business. Chao also averred that she personally acquired knowledge of Banaie's account through her review of American Express' records for the account. Thus, Chao's affidavit comports with Civ.R. 56(E) and was properly considered by the trial court. *Charter One Mortg. Corp. v. Keselica*, 9th Dist. No. 04CA008426, 2004-Ohio-4333, at ¶14-18, appeal not allowed, 104 Ohio St.3d 1441, 2004-Ohio-7033, 819 N.E.2d 1124, 2004-Ohio-7033.

## Civ.R. 10(D)

{¶20} Banaie further argues that summary judgment should not have been granted because American Express did not attach a record of Banaie's account to its pleadings or provide a reason for its failure to do so as required by Civ.R. 10(D), and only attached monthly statements to the motion for summary judgment. With its complaint, American Express attached an "Agreement Between Optima Cardmember and American Express Centurion Bank," the terms of which were claimed to be in effect at the time of Banaie's contract. Although American Express specified the account number on which the complaint was based, no contract or document with a signature, balance statement, or other client-specific information was attached to the complaint.

{¶21} In support of his argument, Banaie cites *Capital One Bank v. Toney*, which held that mere evidence of the existence of an account or contract is not sufficient to satisfy Civ.R. 10. *Capital One Bank v. Toney*, 7th Dist. No.06 JE 28, 2007-Ohio-1571, at ¶37. However, *Toney* is inapposite here as that case was primarily reversed for the trial court's failure to grant the party's motion for a more definite statement.

{¶22} As indicated in *Toney,* where a party challenges a plaintiff's failure to attach

a written instrument or account, the proper procedure is to file a motion for a more definite statement pursuant to Civ.R. 12(E). *Presidential Square Estates Condominium Association v. Slabochova*, 7th Dist. No. 03 MA 111, 2004-Ohio-2936, at ¶8. Here, Banaie did not file a motion for a more definite statement. The first time he raised the issue was in his motion in opposition to summary judgment. A defendant who fails to move for a more definite statement before filing an answer waives the right to attack the plaintiff's complaint for failure to attach an account. Id.; *Asset Acceptance, L.L.C. v. Witten*, 8th Dist. No. 90297, 2008-Ohio-3659, at ¶22; Civ.R. 12(E). Thus, Banaie has waived this defense. Moreover, Banaie generally cannot challenge summary judgment with the argument that American Express failed to attach an account. See *McDonald Cmty. Fed. Credit Union v. Presco* (Nov. 9, 1990), 11th Dist. No. 89T4241.

**{¶23}** In *McDonald*, the Prescos did not dispute any facts in the affidavit attached to McDonald's motion for summary judgment. Id. at *1. Instead, the Prescos asserted that an affidavit was not sufficient evidence for summary judgment because McDonald failed to attach a sworn copy of a promissory note to its motion pursuant to Civ.R. 10(D). Id. at *2. The Eleventh District held that a mere copy of the account was sufficient because Civ.R. 10(D) requires attachment of the account to the complaint as a procedural rather than evidentiary rule. Id. at *2, citing Browne on Ohio Civil Procedure (1987), 246. The attached copy need not "comply with the rules of evidence," and "[t]hus, the primary function of the rule is to give the defendant notice of the specific instrument on which the complaint is based." Id. Thus, American Express' failure to attach a copy of the account is not fatal to its summary judgment motion.

**{¶24}** In his final argument against the trial court's summary judgment decision, Banaie asserts American Express unconscionably increased the interest rate on his card. Unconscionability is an affirmative defense to a breach of contract claim. *Deutsche Bank Natl. Trust Co. v. Pevarski*, 4th Dist. No. 08CA52, 2010-Ohio-785, at ¶29. Here, Banaie did not assert the defense in his answer, and therefore he has waived this argument on appeal. See, e.g., *Hamper v. Suburban Umpires Assn., Inc.*, 8th Dist. No. 92505, 2009-Ohio-5376, at ¶27 (unconscionability cannot be asserted for the first time on appeal).

Even though this is a de novo review of a summary judgment decision, there is no "second chance to raise arguments" that should have been raised before the trial court. Id., quoting *Perlmutter v. People's Jewelry Co.*, 6th Dist. No L-04-1271, 2005-Ohio-5031, at ¶29.

**{¶25}** In conclusion, the trial court properly awarded American Express summary judgment. First, the affidavit in support of American Express' motion comported with Civ.R. 56(E). Second, Banaie did not meet his reciprocal *Dresher* burden. Instead, he relied on generalities and did not submit evidence that went beyond the mere pleading allegations and create a genuine issue of material fact. Finally, Banaie waived his argument that American Express' complaint did not comply with Civ.R. (10)(D) as well as the unconscionability defense. Accordingly, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Waite, J., concurs.