Judgment reversed<br>and cause remanded.

DONOVAN, P.J., and GRADY, J., concur.

---

**LUCIO et al., Appellees,**

v.

**SAFE AUTO INSURANCE COMPANY et al., Appellants.**

[Cite as *Lucio v. Safe Auto Ins. Co.*, 183 Ohio App.3d 849, 2009-Ohio-4816.]

Court of Appeals of Ohio,
Seventh District, Monroe County.

No. 08 MO 9.

Decided Sept. 10, 2009.

Roetzel & Andress, L.P.A., Mark A. Ropchock, and Marvin E. Richards Jr.; Slater & Zurz and Richard V. Zurz; and Peters Law Offices and Jim W. Peters, for appellees.

Richard A. Yoss; and Littler Mendelson, P.C., James M.L. Ferber, and Tracy Scott Pyles, for appellants.

WAITE, Judge.

{¶ 1} This is an appeal of an order issued by the Monroe County Court of Common Pleas certifying a class of plaintiffs in a class-action suit. The underlying complaint alleges that Safe Auto Insurance Company and Safe Auto Insurance Group, Inc. (collectively, "Safe Auto" or "appellant"), breached the employment agreements of current and former sales representatives of the insurance company. The complaint also contained a claim for unjust enrichment. Appellees John Lucio and Regina Winland are from Ohio. Appellees filed the lawsuit to recover commissions and bonuses allegedly owed to them for selling automobile insurance contracts. Lucio and Winland sought to represent a class of employees from Ohio employed by Safe Auto since the year 2000. Appellees filed a motion for class certification, which was granted by the trial court. The court limited the class to Ohio employees of Safe Auto and named Lucio and Winland as the class representatives. The court certified the class for both the contract claim and the unjust-enrichment claim.

{¶ 2} Appellant argues that the trial court should not have certified a class on the unjust-enrichment claim because no proof was submitted of unjust enrich-

ment. It is clear from the record that the unjust-enrichment claims were based in significant part on the same documents that appellees relied on to establish their contract claim, and therefore the same proof could be used, at least in part, to establish both claims. Appellant also argues that the trial court failed to thoroughly analyze whether the requirements of Civ.R. 23 were met, but the trial court's 18–page judgment entry establishes that the court vigorously reviewed Civ.R. 23 and found that its requirements were satisfied. Appellant further argues that the record does not support the argument that common elements predominate or that a class action was the superior method of adjudication. Once again, the trial court reviewed both of these issues, and it was within the court's discretion to certify the class action. The record does not reflect any abuse of discretion by the trial court, and the judgment certifying the class is affirmed in full.

### History of the Case

{¶ 3} On December 11, 2006, the three appellees filed a complaint in Cuyahoga County against their former employer, Safe Auto. On January 5, 2007, appellant removed the case to district court in the Northern District of Ohio. Appellees later dismissed the complaint and refiled it in the Monroe County Court of Common Pleas on March 22, 2007. On April 20, 2007, appellant again removed the case to a federal court, this time in the Southern District of Ohio. On November 13, 2007, the case was remanded to Monroe County.

{¶ 4} Appellees sought to represent a class of sales representatives allegedly employed by Safe Auto from the year 2000 to the present who had their commissions reduced when Safe Auto restructured its sales-incentive programs starting in January 2004. The complaint alleged both breach of contract and unjust enrichment. Although the employees were at-will employees, certain terms of employment were contained in a Sales Representatives Agreement ("SRA") that each employee was required to sign as a term of employment. One such SRA was dated January 1, 2004, and it stated: "After the initial policy term of six months (i.e., upon renewal), the commission remains 2% for each part (quote and printing of policy) for the duration of the policy." Appellees rely on the phrase "duration of the policy" to establish that their commission rate should not have been reduced while the automobile insurance policies they sold were still in effect. Appellees alleged that after the employees signed the January 1, 2004 SRA, Safe Auto distributed a memorandum to employees (on January 19, 2004) that unilaterally reduced the commissions earned on renewed policies. Appellees alleged that Safe Auto distributed a similar memo on August 18, 2005, unilaterally reducing the commission on new policy sales. Appellees alleged that these unilateral actions constituted a breach of contract.

{¶ 5} Appellees' unjust-enrichment claim is based on their allegations that Safe Auto continued to collect premiums on renewal policies in the name of former sales representatives but did not pay commissions to those former sales representatives. Appellees allege that Safe Auto was required by Ohio law to only use licensed sales representatives to sell automobile insurance policies. The sales representatives were required to obtain insurance licenses in order to be employed by Safe Auto. These sales representatives sold a large number of policies based on the incentive of a high commission rate promised by Safe Auto. After Safe Auto reduced its commission rates and increased the number of policies that each sales representative was required to sell each month, many sales representatives left the company. Appellees alleged that Safe Auto continued to use these former employees' names (and insurance licenses) to continue collecting premiums on the renewals of the policies the former employees had sold without giving those former employees any compensation. Appellees allege that Safe Auto unjustly retained these benefits and that profits and commissions should be paid according to the employee's former contract terms.

{¶ 6} Appellees filed a motion for class certification on July 11, 2008. A hearing on the motion was held on September 2, 2008. The trial court granted it on October 20, 2008. The court defined the class as "[a]ll persons engaged by Safe Auto Insurance Company/Group as sales representatives in either the Monroe County or Franklin County Ohio call centers between the time period of January 1, 1996 and the present, who had contractually determined sales commissions unilaterally reduced by Safe Auto at least once." The court granted class certification with respect to both the breach-of-contract claim and unjust-enrichment claim and designated John Lucio and Regina Winland as the class representatives. Both plaintiffs are from Ohio and the class is limited to Ohio employees.

{¶ 7} On November 13, 2008, appellant filed its notice of appeal.

### Final, Appealable Order Status

{¶ 8} R.C. 2505.02 states:

{¶ 9} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 10} " * * *

{¶ 11} "(5) An order that determines that an action may or may not be maintained as a class action."

{¶ 12} An order of a trial court determining that an action may be maintained as a class action is a final, appealable order, pursuant to R.C. 2505.02(B)(5). *Gabbard v. Ohio Bur. of Workers' Comp.*, 10th Dist. Nos. 02AP–976 and 02AP–1168, 2003-Ohio-2265, 2003 WL 21007091.

### Legal Standards for Certifying a Class in a Class–Action Case

{¶ 13} The class action is an invention of equity. *Amchem Prod., Inc. v. Windsor* (1997), 521 U.S. 591, 613, 117 S.Ct. 2231, 138 L.Ed.2d 689. "The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor." Id. at 617, 117 S.Ct. 2231, 138 L.Ed.2d 689.

{¶ 14} Class certification in Ohio is based upon Civ.R. 23, which is nearly identical to Fed.R.Civ.P. 23. A trial court's decision to certify a class pursuant to Civ.R. 23 is reviewed for abuse of discretion. *Marks v. C.P. Chem. Co., Inc.* (1987), 31 Ohio St.3d 200, 31 OBR 398, 509 N.E.2d 1249, syllabus. Abuse of discretion is more than an error of law or judgment; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Id. at 201, 31 OBR 398, 509 N.E.2d 1249. "[A]ppellate courts overwhelmingly, if not universally, give trial courts broad discretion in deciding whether to certify a class. See, generally, 5 Moore's Federal Practice (3 Ed.1997) 23–25 to 23–27, Section 23.04. Moreover, the appropriateness of applying the abuse-of-discretion standard in reviewing class action determinations is grounded not in credibility assessment, but in the trial court's special expertise and familiarity with case-management problems and its inherent power to manage its own docket." *Hamilton v. Ohio Sav. Bank* (1998), 82 Ohio St.3d 67, 70, 694 N.E.2d 442. The trial court's discretion in certifying a class is not unlimited, though, and is bounded by the framework of Civ.R. 23. Id. at 69, 694 N.E.2d 442. Although the trial court is not required to state any particular findings of fact or law when ruling on a motion for class certification, the court must conduct a rigorous analysis into whether the requirements of Civ.R. 23 have been satisfied. Id. at 70–71, 694 N.E.2d 442.

{¶ 15} A decision to certify an action as a class action is not a decision on the merits of a claim: "In determining whether to certify a class, the trial court must not consider the merits of the case except as necessary to determine whether the Civ.R. 23 requirements have been met." *Williams v. Countrywide Home Loans, Inc.*, 6th Dist. No. L–01–1473, 2002-Ohio-5499, 2002 WL 31270283, ¶ 24, citing *Ojalvo v. Bd. of Trustees of Ohio State Univ.* (1984), 12 Ohio St.3d 230, 233, 12 OBR 313, 466 N.E.2d 875. "When a trial court considers a motion to certify a class, it accepts as true the allegations in the complaint, without considering the merits of those allegations and claims." *Setliff v. Morris Pontiac, Inc.*, 9th Dist. No. 08CA009364, 2009-Ohio-400, 2009 WL 224521, ¶ 6. In many cases, no evidentiary hearing is needed in order for a court to certify a

class, and class certification may be granted on the basis of the pleadings alone. *Warner v. Waste Mgt.* (1988), 36 Ohio St.3d 91, 98, 521 N.E.2d 1091; *Gottlieb v. S. Euclid,* 157 Ohio App.3d 250, 2004-Ohio-2705, 810 N.E.2d 970; *Franks v. Kroger Co.* (C.A.6, 1981), 649 F.2d 1216. If evidence is submitted in support of or in opposition to class certification, the class certification must be shown to be appropriate by a preponderance of the evidence. *Ritt v. Billy Blanks Ents.,* 171 Ohio App.3d 204, 2007-Ohio-1695, 870 N.E.2d 212, ¶ 34.

■ {¶ 16} A party seeking class certification must meet all the requirements set forth in Civ.R. 23(A) and (B). The seven requirements of Civ.R. 23 are as follows: "(1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met." *Hamilton,* 82 Ohio St.3d at 71, 694 N.E.2d 442.

■ {¶ 17} Civ.R. 23(B)(3) allows a class action to proceed if questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and if the court determines that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Although common questions must predominate the action, they do not need to be dispositive of the litigation. The common questions "must represent a significant aspect of the case and they must be able to be resolved for all members of the class in a single adjudication." *Schmidt v. Avco Corp.* (1984), 15 Ohio St.3d 310, 313, 15 OBR 439, 473 N.E.2d 822.

## ASSIGNMENT OF ERROR

{¶ 18} "The trial court abused its discretion in granting class certification, because plaintiffs wholly failed to establish the mandatory prerequisites for certification set forth in Civil Rule 23."

{¶ 19} There are four subparts in this assignment of error. The first two subparts deal with the class certification for the unjust-enrichment claim. The second two subparts deal with whether appellees satisfied the requirements of Civ.R. 23(B)(3) for both the contract claim and the unjust-enrichment claim. The first two subparts will be treated together.

### Subparts 1 & 2 dealing with Unjust Enrichment.

{¶ 20} "1. The trial court abused its discretion in certifying plaintiffs' unjust enrichment claim because plaintiffs presented no evidence to permit a determination, and the trial court failed to conduct a thorough analysis."

{¶ 21} "2. The trial court abused its discretion in certifying a class action because plaintiffs failed to establish that they are adequate representatives of the putative class."

{¶ 22} Both of these arguments allege error in the court's certification of the unjust-enrichment claim. The first argument is that appellees presented no evidence to support their unjust-enrichment claim. The essence of appellees' unjust-enrichment claim is as follows: former sales representatives were encouraged to sell a large volume of insurance policies at a high contractual rate of commissions; the commissions were unilaterally reduced, forcing the employees to leave Safe Auto; and Safe Auto continued to collect premiums on those policies using the former employees' names and sales licenses. Appellees' complaint argued that Safe Auto should not be permitted to retain those profits and that the former contractual commission rates should be applied to determine damages.

{¶ 23} "Unjust enrichment" is defined as the retention of money or benefits by one person that, in justice and equity, belong to another. *Hummel v. Hummel* (1938), 133 Ohio St. 520, 528, 11 O.O. 221, 14 N.E.2d 923. A breach-of-contract claim, in contrast, requires proof of the existence of a contract, performance by the plaintiff, breach by the defendant, and damages. *Doner v. Snapp* (1994), 98 Ohio App.3d 597, 600, 649 N.E.2d 42. To prove the existence of a contract, the plaintiff must show that there was an offer, acceptance, meeting of the minds, exchange of consideration, legal capacity of the parties, and legal subject matter. *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 16. Appellant asserts that the unjust-enrichment claims require completely different proof than the contract claim, and that appellees should have been required to establish this proof prior to the claim being certified. Appellant's argument flies in the face of the predominant rule in class certification that no evidentiary hearing is required to establish a class because the certification process is not the arena for judging the merits of the case. *Ojalvo, Warner, Gottlieb*, and *Franks*. Even if appellees were required to establish the merits of their case to some degree at the certification stage, the record indicates that the same documents (the SRA contracts and the notices Safe Auto sent to its employees announcing the reduction in commissions) would be used in an attempt to establish Safe Auto's liability for both the breach-of-contract claim and the unjust-enrichment claim. It is well recognized that "the trial court is in the best position to consider the feasibility and gathering and analyzing class-wide evidence." *In re Consol. Mtge. Satisfaction Cases*, 97 Ohio St.3d 465, 2002-Ohio-6720, 780 N.E.2d 556, ¶ 12. Although there may be further proof required at trial to establish some aspects of the unjust-enrichment claims, this does not prevent a class action from being certified. Common questions of law or fact need to predominate the litigation, but that does not preclude the parties from

presenting individualized proof on some aspects of the case. It is obvious that the question of damages will require individualized proof under the contract claim, and even more so under the unjust-enrichment claim. Each employee will need to establish the time period of employment, the date of termination, and proof that certain insurance policies were renewed using the former employee's name and license. These areas of proof appear to mainly affect the issue of damages, and "a trial court should not dispose of a class certification solely on the basis of disparate damages." *Ojalvo*, 12 Ohio St.3d at 232, 12 OBR 313, 466 N.E.2d 875.

{¶ 24} If the issue at trial becomes more of an issue of fraud rather than the much simpler question of whether Safe Auto merely retained commissions that should more properly have gone to former sales representatives, the nature of the proof required of appellees may indeed change, but that does not necessarily mean, as suggested by Safe Auto, that every plaintiff will need to prove individualized fraud. "[T]he existence of common misrepresentations obviates the need to elicit individual testimony as to each element of a fraud or misrepresentation claim, especially where written misrepresentations or omissions are involved. * * * Courts also generally find that a wide variety of claims may be established by common proof in cases involving similar form documents or the use of standardized procedures and practices." *Cope v. Metro. Life Ins. Co.* (1998), 82 Ohio St.3d 426, 430, 696 N.E.2d 1001.

{¶ 25} Safe Auto also argues that the trial court did not actually review the unjust-enrichment claim and arbitrarily added it to the class certification, almost as an afterthought. The trial court's lengthy judgment entry, though, clearly speaks to two different claims under review for class certification. The court addressed "breach of contract and/or alleged oral representation." The court referred to "a contract or its breach and/or any misrepresentations." The court clearly sets forth two claims for which class certification is being sought: "Plaintiffs' claims are based on a central legal theory that Safe Auto breached its contracts * * *. Plaintiffs further claim that Safe Auto also acted fraudulently against the putative Plaintiffs when these agreements were unilaterally changed, reducing the commission structure of the sales representatives." The court then repeats that two claims are being reviewed: "a breach of contract theory and/or a fraudulent misrepresentation theory of recovery." The court went on to say that the actual nature of Safe Auto's fraudulent conduct was not currently before the court, and that appellees could prove this in any manner they deemed proper. The court, at some length, described the nature of proof required to prove fraud and misrepresentation. It is clear from the record that the trial court was keenly aware that it was reviewing two distinct causes of actions and that it was granting certification for both of them. Although appellant is correct that the trial court

did not use the phrase "unjust enrichment" in its 18–page judgment entry, it is clear from the court's actual reasoning that it was discussing and certifying the ramifications of the unjust-enrichment claim along with the contract claim. Appellant's argument is therefore without merit.

### Subparts 3 & 4 dealing with Civ.R. 23(B)(3)

{¶ 26} The third and fourth subparts of appellant's assignment of error deal with whether the trial court properly analyzed the requirements of Civ.R. 23(B)(3). These will be treated together:

{¶ 27} "3. The trial court abused its discretion in certifying a class action under Rule 23(b)(3) because plaintiffs failed to prove predominance as required for class actions."

{¶ 28} "4. The trial court abused its discretion in certifying a class action under Rule 23(b)(3) because plaintiffs failed to prove superiority as required for class actions."

{¶ 29} As stated earlier, a trial court cannot certify a class unless one of the three options listed in Civ.R. 23(B) is satisfied. Appellees attempted to obtain certification under Civ.R. 23(B)(1) and (3). The trial court denied certification under Civ.R. 23(B)(1) but found that the elements of Civ.R. 23(B)(3) were satisfied. Safe Auto argues that Civ.R. 23(B)(3) was not satisfied.

{¶ 30} Civ. 23(B) states:

{¶ 31} "(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action."

{¶ 32} Civ.R. 23(B)(3) thus requires the trial court to make two findings: that common questions predominate over issues that only affect individual members and that a class action is superior to other available methods of adjudication.

{¶ 33} The "predominance" requirement of Civ.R. 23(B)(3) necessitates an examination of "common" versus "individual" issues. A predominance inquiry focuses on the legal or factual questions that qualify each class member's case as a genuine controversy. *Hoang v. E*Trade Group, Inc.,* 151 Ohio App.3d

363, 2003-Ohio-301, 784 N.E.2d 151, ¶ 16; *Williams v. Countrywide Home Loans, Inc.,* 6th Dist. No. L–01–1473, 2002-Ohio-5499, 2002 WL 31270283. "Predominance" entails more than a conclusion that common questions merely exist. It means that the common questions must represent a significant aspect of the case and that those common questions must be able to be resolved for all members of the class in a single adjudication. *Schmidt,* 15 Ohio St.3d at 313, 15 OBR 439, 473 N.E.2d 822; *Marks,* 31 Ohio St.3d at 204, 31 OBR 398, 509 N.E.2d 1249. The requirement of individual proof regarding damages does not prevent a class from being certified. *Vinci v. Am. Can Co.* (1984), 9 Ohio St.3d 98, 101, 9 OBR 326, 459 N.E.2d 507.

{¶ 34} The trial court found that appellees alleged a common scheme of fraudulent activity involving the unilateral modification of employment contracts. The court found that Safe Auto's alleged misrepresentations occurred in its written documentation, that there was a single unified scheme of misrepresentation alleged, and that both parties acknowledge that the SRAs and the two company memoranda from January 2004 and August 2005 were critical to appellees' claims. The court was aware that the complaint raised other allegations that may require more individualized proof, but it concluded that the meaning and interpretation of the aforementioned documents would be dispositive of most or all of the claims. There is nothing arbitrary or capricious about the court's analysis. Based on appellees' representations at the September 2, 2008 hearing, they intended to rely almost exclusively on the SRAs and company memos to establish their case in a motion for summary judgment. Obviously Safe Auto does not consider appellees' interpretation of the SRAs to be viable, but that goes to the merits of the action and not whether a class should have been certified. If Safe Auto is correct, the SRAs will resolve the case in its favor rather than in appellees' favor, and both sides appear to agree on the importance of the few written documents that form the basis of the complaint. The record supports the trial court's conclusions and no abuse of discretion is evident in its treatment of the "predominance" issue.

{¶ 35} Regarding whether a class action is a superior method of adjudication, "the court must make a comparative evaluation of the other procedures available to determine whether a class action is sufficiently effective to justify the expenditure of judicial time and energy involved therein." *Schmidt,* 15 Ohio St.3d at 313, 15 OBR 439, 473 N.E.2d 822. The general purpose of the superiority requirement under Civ.R. 23(B)(3) is so that class actions may be maintained for "cases in which the efficiency and economy of common adjudication outweigh the interests of individual autonomy." *Hamilton,* 82 Ohio St.3d at 80, 694 N.E.2d 442. "The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for

any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor." *Mace v. Van Ru Credit Corp.* (C.A.7, 1997), 109 F.3d 338, 344.

{¶ 36} Although there are four criteria listed in Civ.R. 23(B)(3) that the court should consider in its analysis, appellant is focusing on only the fourth factor: "the difficulties likely to be encountered in the management of a class action." Appellant contends that the trial court failed to consider the difficulties in creating appropriate jury instructions and the burden that would be placed on the jury in hearing the individual testimony of 180 witnesses.

{¶ 37} Appellant's argument is that it plans to call all 180 potential plaintiffs to testify, thus making a single trial unworkable. It is clear that it is appellant and not the plaintiffs themselves who plan on bringing every class member into court. The plaintiffs intend to use only the written documents and the testimony of the two class representatives to establish their case. Appellant is employing a specious argument that could defeat every class-action suit if carried to its inevitable conclusion. In essence, Safe Auto is asserting that it is willing to endure the expense of calling 178 rebuttal witnesses, if that is what it would take to defeat appellees' claims. Appellees, on the other hand, explained to the court that their claims were based on written documentation, not personal testimony. The court itself would control the presentation of witnesses and evidence, and it is difficult to conceive of a scenario in which the court would permit 180 witnesses to testify as to the terms of identical contracts.

{¶ 38} As noted earlier, the fact that the damages may have to be calculated individually is not a reason to deny a motion to certify a class. Appellant contends that the court will not be able to formulate jury instructions to accommodate the individual claims and damage calculations of 180 plaintiffs. Given that class-action suits have been maintained in the past with classes encompassing tens of thousands of plaintiffs, the needs of 180 plaintiffs do not seem insurmountable. As stated in a recent case from the Tenth District Court of Appeals:

{¶ 39} "Moreover, with respect to the manageability issues raised by [the defendant], they raise no obstacle not encountered with any otherwise certifiable class action. The possibility that individual defenses based on causation may be raised is admittedly a concern, but one that has been dealt with in similar cases by means of various procedural devices which are within the trial court's wide discretion in managing a class action: the creation of appropriate subclasses, bifurcation of common and individual liability issues, or severance." *Grant v. Becton Dickinson & Co.*, 10th Dist. No. 02AP–894, 2003-Ohio-2826, 2003 WL 21267787, ¶ 65.

{¶ 40} The trial court specifically and expressly considered each of the factors listed in Civ.R. 23(B)(3), and appellant's argument that the court failed to consider all the proper factors is without merit.

{¶ 41} Because we have determined that none of appellant's arguments is persuasive, the sole assignment of error is overruled.

### Conclusion

{¶ 42} In summary, Safe Auto has not established any abuse of discretion in the trial court's decision to certify a class for appellees' breach-of-contract and unjust-enrichment claims. Certification of the unjust-enrichment claim was supported by some evidence and the issue was thoroughly reviewed by the trial court. The trial court also examined in great detail the question whether common elements predominated and whether a class action was the superior method of litigation. The trial court reviewed each factor in Civ.R. 23(B)(3), and the record supports the trial court's decision. The trial court did not abuse its discretion, and judgment certifying the class action is affirmed in full.

Judgment affirmed.

DONOFRIO and DEGENARO, JJ., concur.