JUDGES: Hon. Gene Donofrio, Hon. Cheryl L. Waite, Hon. Mary DeGenaro
OPINION
DONOFRIO, J.
{¶ 1} Defendants-appellants, Jerron Caruthers and Butler Transport, Inc., appeal from a Jefferson County Common Pleas Court judgment certifying a class in the class action complaint filed by plaintiffs-appellees, Stanley Kavanaugh, Amy Kavanaugh, Stanley Cottis, Anna Cottis, and Route 22 Pizza, LLC.
{¶ 2} On October 3, 2012, appellees filed a class action complaint alleging that on September 28, 2012, appellant Jerron Caruthers was operating a tractor trailer that struck a "guy wire" resulting in a loss of electricity to the homes and businesses of customers of American Electric Power (AEP). The complaint further alleged that at the time, Caruthers was acting within the scope of his employment with appellant Butler Transport, Inc. (Butler). The complaint asserted that appellees and the proposed class members suffered inconvenience, loss of business, and financial injury. The complaint identified the proposed class as all of those individuals and businesses that lost power on September 28, 2012, as a result of power outages caused by appellants.
{¶ 3} The matter was removed to federal court for some time but was eventually returned to the trial court.
{¶ 4} On January 21, 2016, appellees filed a motion for class certification. The motion stated that 1,563 AEP customers in Jefferson County lost power due to the alleged negligence of appellants.
{¶ 5} The trial court held a hearing on appellees' motion for class certification where it heard arguments from all parties. The court subsequently issued a judgment entry certifying the proposed class. In so doing, the court found that the class was so numerous that a joinder of all members is impracticable, that there are questions of law or fact common to the class, that the claims of the representative parties are typical of the claims of the class, and that the representative parties will fairly and adequately protect the interest of the class. Further, the court found that common questions of law and fact predominated over questions affecting only individual class members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.
{¶ 6} Appellants filed a timely notice of appeal on June 29, 2016. They now raise a single assignment of error for our review.
{¶ 7} Appellants' assignment of error states:
THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN CERTIFYING A CLASS WHERE THE PLAINTIFFS FAILED TO SATISFY BOTH
*1263 THE EXPLICIT AND IMPLICIT REQUIREMENTS OF CIV.R. 23.
{¶ 8} A trial court has broad discretion in determining whether a class action may be maintained. Baughman v. State Farm Mut. Auto. Ins. Co. , 88 Ohio St.3d 480, 483, 2000-Ohio-397, 727 N.E.2d 1265. The abuse-of-discretion standard of review applies here due to the trial court's special expertise and familiarity with case-management problems and its inherent power to manage its own docket. Hamilton v. Ohio Sav. Bank , 82 Ohio St.3d 67, 70, 1998-Ohio-365, 694 N.E.2d 442. Therefore, an appellate court will not disturb the trial court's determination absent an abuse of discretion. Id. Abuse of discretion is more than an error of law or judgment; instead it is a finding that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore , 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).
{¶ 9} Civ.R. 23 governs class actions. Civ.R. 23(A) contains four requirements for a class member to bring a class action:
(1) the class is so numerous that joinder of all members is impracticable,
(2) there are questions of law or fact common to the class,
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
(4) the representative parties will fairly and adequately protect the interests of the class.
Civ.R. 23(B) contains further conditions that must be satisfied:
A class action may be maintained if Civ.R. 23(A) is satisfied, and if:
* * *
(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
(a) the class members' interests in individually controlling the prosecution or defense of separate actions;
(b) the extent and nature of any litigation concerning the controversy already begun by or against class members;
(c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
(d) the likely difficulties in managing a class action.
{¶ 10} In addition, the Ohio Supreme Court has identified two other prerequisites to a class action that are implied in Civ.R. 23 : (1) the class must be identifiable; and (2) the class representatives must be members of the class. Warner v. Waste Management, Inc. , 36 Ohio St.3d 91, 96, 521 N.E.2d 1091 (1988).
{¶ 11} The plaintiffs have the burden of satisfying the requirements for class certification. Satterfield v. Ameritech Mobile Communications, Inc. , 8th Dist., 2017-Ohio-928, 86 N.E.3d 830, ¶ 24.
{¶ 12} Appellants break their assignment of error into five separate claims of error. We will address each one in turn.
{¶ 13} First, appellants claim the trial court was unclear in its judgment as to which of appellees' three proposed classes it certified.
{¶ 14} In their class action complaint, appellees asked the trial court to certify the following class:
All individuals and entities to whom American Electric Power provided electricity and/or electrical services in Jefferson County, Ohio and who were without such electrical services on September *1264 28, 2012, as a result of the power outages caused by Defendants.
{¶ 15} At the February 22, 2016 hearing, appellees proposed to modify their class definition to include at the end of the definition, "[a]nd who suffered some type of loss." (Tr. 9).
{¶ 16} Then in their March 2, 2016 reply to appellants' supplemental memorandum contra to class certification, appellees proposed the class as:
All individuals and entities to whom American Electrical Power provided electricity and/or power in Jefferson County, Ohio who suffered a loss as a result of the September 27, 2012 and September 28, 2012 power outage caused by Defendants.
{¶ 17} Appellants contend the trial court failed to indicate in its judgment entry which of the three classes it actually certified. They assert this necessitates a remand for clarification.
{¶ 18} The class certified by the trial court was clear. At the hearing, appellees' counsel stated that he was proposing to add the language "who suffered some type of loss" to the end of the proposed class definition. (Tr. 9). Then in their reply to defendants' supplemental memorandum contra to class certification, appellees amended their class definition to include the "who suffered a loss" language as well as another date of the power outage. Thus, at the time the trial court ruled on appellees' motion, this was the only proposed class definition before the court.
{¶ 19} To avoid any confusion on this issue, we clarify that the certified class is:
All individuals and entities to whom American Electrical Power provided electricity and/or power in Jefferson County, Ohio who suffered a loss as a result of the September 27, 2012 and September 28, 2012 power outage caused by Defendants.
An appellate court may modify or clarify the certified class. See Baughman v. State Farm Mut. Auto. Ins. Co. , 88 Ohio St.3d 480, 2000-Ohio-397, 727 N.E.2d 1265.
{¶ 20} Thus, appellants' first argument fails.
{¶ 21} Second, appellants argue that regardless of which class the trial court certified, the class is not sufficiently definite so that it is administratively feasible for the court to determine membership. They note that appellees failed to define "loss" in their class definition, leaving the class ambiguous. Appellants assert the trial court would be faced with determining multiple questions including which AEP customers actually suffered a loss; what constitutes a loss; for those claiming a loss from food spoilage, how will the customer prove the loss; how will the customers prove that they mitigated their losses; and can the losses be proven on a case-wide basis. Moreover, they point out that some customers only lost power for one hour, while others lost power for ten hours. Appellants cite to numerous cases from other states, which they assert show that class certification is routinely rejected for power-loss cases.
{¶ 22} A proposed class must be identifiable. " '[T]he requirement that there be a class will not be deemed satisfied unless the description of it is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member.' " Hamilton , 82 Ohio St.3d at 71-72, 694 N.E.2d 442, quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure (2 Ed. 1986) 120-121, Section 1760. Thus, the proposed class definition must be precise enough "to permit identification within a *1265 reasonable effort." Warner , 36 Ohio St.3d at 96, 521 N.E.2d 1091.
{¶ 23} Here appellants' argument is that the class is not sufficiently definite because different class members likely suffered different damages and some may have suffered no damages at all.
{¶ 24} As to those who suffered no damages at all, they would not meet the class definition and, therefore, would not be members of the class. The class only includes those "who suffered a loss." Thus, if a Jefferson County AEP customer lost power for an hour and suffered no losses, he or she would not be a member of the class.
{¶ 25} And as to those who did suffer some type of loss, the fact that the losses may be different for different class members does not defeat class certification. "[A] trial court should not dispose of a class certification solely on the basis of disparate damages." Ojalvo v. Bd. of Trustees of Ohio State Univ. , 12 Ohio St.3d 230, 232, 466 N.E.2d 875 (1984).
{¶ 26} Appellants suggest that our opinion in Fowler v. Ohio Edison Co. , 7th Dist. No. 07-JE-21, 2008-Ohio-6587, 2008 WL 5233476, controls here. Fowler , however, dealt with emissions from a power plant causing illness, not losses from a power outage. Moreover, the trial court in that case denied class certification and we upheld the decision as being within the trial court's discretion.
{¶ 27} Thus, appellants' second argument fails.
{¶ 28} Third, appellants claim that appellees are not all members of the class certified. They assert that Stanley and Anna Cottis failed to assert any damages resulting from the power outage in their affidavits.
{¶ 29} Class representatives must be members of the class. "The class membership prerequisite requires only that 'the representative have proper standing. In order to have standing to sue as a class representative, the plaintiff must possess the same interest and suffer the same injury shared by all members of the class that he or she seeks to represent.' " Hamilton , 82 Ohio St.3d at 74, 694 N.E.2d 442, quoting 5 Moore's Federal Practice (3 Ed. 1997) 23-57, Section 23.21[1].
{¶ 30} Appellants are correct as far as Stanley and Anna Cottis did not set out any explicit damages in the affidavits attached to the motion for class certification. On the other hand, Stanley and Amy Cavanaugh and Route 22 Pizza both averred to monetary damages as a result of the power outage. The fact that the Cottises did not set out damages in the affidavits does not necessarily mean that they did not suffer damages. They alleged damages in their complaint including monetary damages in an amount to be determined at trial.
{¶ 31} In order to proceed as class representatives, Stanley and Anna Cottis would eventually have to allege the specific amount of their damages. But at this point in time, there are other class representatives who did allege specific damages in their affidavits and the Cottises alleged monetary damages in their complaint. Thus, we cannot conclude the trial court abused its discretion in this respect.
{¶ 32} Moreover, "[a] representative is deemed adequate so long as his interest is not antagonistic to that of other class members." Warner , 36 Ohio St.3d at 98, 521 N.E.2d 1091, citing Marks v. C.P. Chemical Co. , 31 Ohio St.3d 200, 509 N.E.2d 1249 (1987). There is nothing in the record to suggest that the Cottises' interests would be antagonistic to those of the class. Thus, appellants' third argument fails.
*1266 {¶ 33} Fourth, appellants contend individual issues exceed common issues. They recognize that 1,563 AEP customers lost power, but argue there is no way to determine which of these customers suffered actual damage as a result. Appellants argue that typicality is not shown if the plaintiff who proves his own claim would not necessarily be proving anyone else's claim.
{¶ 34} While common questions must predominate the action, they need not be dispositive of the litigation. Lucio v. Safe Auto Ins. Co. , 183 Ohio App.3d 849, 2009-Ohio-4816, 919 N.E.2d 260, ¶ 17 (7th Dist.). They must instead represent a "significant aspect" of the case and be able to be resolved for all members of the class in a single adjudication. Id. quoting Schmidt v. Avco Corp. , 15 Ohio St.3d 310, 313, 473 N.E.2d 822 (1984).
{¶ 35} In determining whether common questions predominate the action, " 'the focus of the inquiry is directed toward the issue of liability.' " Satterfield v. Ameritech Mobile Communications, Inc. , 8th Dist., 2017-Ohio-928, 86 N.E.3d 830, ¶ 26, quoting Cicero v. U.S. Four, Inc. , 10th Dist. No. 07AP-310, 2007-Ohio-6600, ¶ 38, 2007 WL 4305720.
{¶ 36} In this case, the common questions surround the liability of both Caruthers and Butler. As appellees point out, common to each class member would be a determination as to whether Caruthers was negligent when he struck the AEP guy wire, whether Caruthers was acting within the scope of his employment with Butler at the time, and whether Caruthers' negligence proximately caused the class members' damages. Thus, common questions predominate the action, especially when the focus is on liability. Hence, appellants' fourth argument fails.
{¶ 37} Fifth and finally, appellants assert there is no class capable of certification that is sufficiently definite because any such class would include individuals without legally cognizable claims. They argue that common questions do not predominate over individual determinations and class treatment is not a superior method of adjudication. Appellants claim there is no one class-wide injury for the certified class. They argue each class member would have to prove their damages separately, which would overburden the court and render the case unmanageable as a class action.
{¶ 38} As discussed above, any suggested class member who did not suffer any damages would not actually be a class member. And a trial court should not deny class certification solely on the basis of disparate damages. Ojalvo , 12 Ohio St.3d at 232, 466 N.E.2d 875. Moreover, common questions surround the issue of appellants' liability. Therefore, appellants' fifth argument fails.
{¶ 39} Based on the above analysis of appellants' arguments, we cannot conclude that the trial court abused its discretion in certifying appellees' proposed class. The trial court has expertise and familiarity with its case management and we will not second guess its inherent power to manage its own docket in this case. Hamilton , 82 Ohio St.3d at 70, 694 N.E.2d 442. Accordingly, appellants' sole assignment of error is without merit and is overruled.
{¶ 40} For the reasons stated above, the trial court's judgment is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.