[Cite as *Huntington Bank v. Perdue*, 2024-Ohio-945.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

HUNTINGTON NATIONAL BANK, NA,

Plaintiff-Appellee,

v.

GLENN PERDUE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 23 JE 0011

---

Civil Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 22 CV 55

**BEFORE:**
William A. Klatt, Retired Judge of the Tenth District Court of Appeals,
Sitting by Assignment,
Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Roy J. Schechter,* Weltman, Weinberg & Reis, Co., L.P.A., for Plaintiff-Appellee
and

*Atty. William Haynes, Jr.*, for Defendant-Appellant.

Dated:  March 13, 2024

**KLATT, J.**

{¶1} Appellant, Glenn R. Perdue Jr., appeals the entry of summary judgment by the Jefferson County Court of Common Pleas in favor of Appellee, Huntington National Bank NA, in this breach of contract action on a credit card account. Appellant advances a single assignment of error, that is, Appellee failed to disprove affirmative defenses asserted by Appellant. However, in the body of his appellate brief he raises two additional arguments. First, Appellant asserts federal law preempts state law in this case, and second, Appellee violated the implied covenant of the duty of good faith and fair dealing found in all Ohio contracts. For the following reasons, the judgment entry of the trial court is affirmed.

## STANDARD OF REVIEW

{¶2} This appeal is from a trial court judgment resolving a motion for summary judgment. An appellate court conducts a de novo review of a trial court's decision to grant summary judgment, using the same standards as the trial court set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). Whether a fact is "material" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

{¶3} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). If the moving party carries its burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. *Id.* at

293. In other words, when presented with a properly supported motion for summary judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor. *Doe v. Skaggs*, 7th Dist. Belmont No. 18 BE 0005, 2018-Ohio-5402, ¶ 11.

{¶4} The evidentiary materials to support a motion for summary judgment are listed in Civ.R. 56(C) and include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. In resolving the motion, the court views the evidence in a light most favorable to the nonmoving party. *Temple*, 50 Ohio St.2d at 327.

## FACTS AND PROCEDURAL HISTORY

{¶5} On February 18, 2022, Appellee filed a complaint alleging Appellant was in default of the terms of a "Voice Credit Card®" credit agreement executed between the parties on June 13, 2018. As a consequence and pursuant to the terms of the credit agreement, Appellee accelerated the time for payment and claimed the entire balance of $18,999.17 was due and owing.

{¶6} In response to a motion for a more definite statement, Appellee filed copies of the application, signed acknowledgement form, monthly statements, and terms and conditions of the credit card. The credit card statements bear the caption "Mastercard Worldcard," but text in the statement reads in relevant part, "Put your Voice Credit Card® to work for you."

{¶7} Appellant filed his answer on June 17, 2022, in which he admits he applied for a Voice Credit Card® credit card. Appellant asserted no counterclaims, however he did assert an affirmative defense for recoupment, based on the allegation that Appellee violated 15 U.S.C. 1637 of the Truth in Lending Act ("TILA"). 15 U.S.C. 1637, captioned "Open end consumer credit plans," imposes both substantive and disclosure-oriented requirements on open-end consumer credit plans, primarily intended to enhance fairness and transparency for consumers.

{¶8} Appellant also alleged Appellee violated 15 U.S.C. 1665e, captioned "Consideration of ability to repay." 15 U.S.C. 1665e reads in its entirety, "[a] card issuer may not open any credit card account for any consumer under an open end consumer

credit plan, or increase any credit limit applicable to such account, unless the card issuer considers the ability of the consumer to make the required payments under the terms of such account."

{¶9} On February 27, 2023, Appellee filed the motion for summary judgment currently before us on appeal. Attached to the motion are the credit card statements, the card member agreement, and the affidavit of Chris McMorran. McMorran avers the documents attached to the motion were maintained in the ordinary course of business, Appellant defaulted on the credit account, and a balance of $18,999.17 is due and owing.

{¶10} Appellant filed his opposition brief on March 20, 2023. The opposition brief advances three arguments: (1) Appellee failed to address Appellant's allegation that Appellee violated 15 U.S.C. 1637; (2) Appellee violated 15 U.S.C. 1665e, which constitutes a violation of the implied covenant of good faith and fair dealing in every Ohio contract; and (3) Appellant applied for a Voice Credit Card®, but was issued a Mastercard Worldcard.

{¶11} Attached to the opposition brief are Appellee's responses to Appellant's first set of interrogatories, the signed acknowledgement form, and Appellant's affidavit. In his affidavit, Appellant denies receipt of the disclosures required by 15 U.S.C. 1637 and attests his credit has been adversely affected by the above-captioned lawsuit. He avers his credit score was reduced to 500, which has severely limited his ability to obtain credit at any reasonable rate in any useful amount. Finally, Appellant denies the debt.

{¶12} In an interrogatory, Appellant asks Appellee to explain the difference between a Voice Credit Card® and a Mastercard Worldcard. Appellee objects to the interrogatory on the ground of relevance. In the opposition brief, Appellant cites 15 U.S.C. 1642, captioned "issuance of credit cards," which reads in relevant part, "[n]o credit card shall be issued except in response to a request or application therefor."

{¶13} The trial court conducted oral argument on the motion on April 10, 2023. At the hearing, Appellant's counsel argued Appellant's credit score fell 250 points as a result of the above-captioned action and "[h]is floor plan for [his automobile business] he lost completely." (4/10/23 Hrg. Tr., p. 5.) Appellant's counsel continued, "[s]o if this is overruled, we will be asking for the ability to file a counterclaim based on the injury to his credit." At the conclusion of his argument, Appellant's counsel stated, "[s]o not only am

I thinking – believing that [the motion] should be overruled, [I am] asking the Court for permission to file a counterclaim for the damage to his credit and his business." (*Id.*, p. 7.)  The trial court did not rule on the oral motion to file a counterclaim.

{¶14} On April 26, 2023, the trial court issued the judgment entry on appeal sustaining Appellee's motion for summary judgment.  The judgment entry reads, in relevant part:

> The Court [ ] finds that reasonable minds can come but to one conclusion that [Appellant] cannot dispute that he applied for, retained and used the charge account in question.  The Court further finds that [Appellant's] use of the account binds him to the terms of the card member agreement. [Appellant] further failed to maintain the minimum monthly payments and [Appellee] is entitled to charge interest and fees on the account where proper.

(4/26/23 J.E., p. 1.)

{¶15}  This timely appeal followed.

## ASSIGNMENT OF ERROR

**THE COURT ERRED IN GRANTING [APPELLEE'S] MOTION FOR SUMMARY JUDGMENT WHERE [APPELLEE] FAILED TO ADDRESS AFFIRMATIVE DEFENSE AND OTHER DEFENSES RAISED BY [APPELLANT].**

{¶16}  In addition to the argument advanced in Appellant's sole assignment of error, Appellant presents two issues within the body of his appellate brief.  First, he contends that 15 U.S.C. 1642 preempts Ohio law. Second, he argues the implied covenant of good faith and fair dealing in every Ohio contract requires a credit card issuer to assess a consumer's ability to pay pursuant to 15 U.S.C. 1665e.  Appellant's arguments are addressed out of order for ease of analysis.

{¶17}  "A suit regarding a credit card balance is 'founded upon contract and thus a plaintiff must prove the necessary elements of a contract action.' " *Am. Express*

*Centurian Bank v. Banaie*, 7th Dist. Mahoning No. 10 MA 9, 2010-Ohio-6503, ¶ 11, quoting *Capital One Bank (USA), N.A. v. Heidebrink*, 6th Dist. Ottawa No OT-08-049, 2009-Ohio-2931, at ¶ 29. The elements of a breach of contract claim are: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff. *Lucio v. Safe Auto Ins. Co.*, 183 Ohio App.3d 849, 2009-Ohio-4816, 919 N.E.2d 260, at ¶ 23.

**{¶18}** Before addressing Appellant's arguments, it is important to note that Appellant did not assert any counterclaims, and he stated his affirmative defense and other defenses in terms of recoupment. "Recoupment is a defense which arises out of the same transaction as plaintiff's claim, is a claim of right to reduce the amount demanded[,] and can be had only to an extent sufficient to satisfy the plaintiff's claim." *Riley v. Montgomery*, 11 Ohio St.3d 75, 77, 463 N.E.2d 1246 (1984).

**{¶19}** In order to establish the defense of recoupment, the defendant must show: (1) the plaintiff's claim is based on a particular contract or transaction; (2) to entitle the plaintiff to the sum claimed, he must prove compliance with certain obligations of the contract; (3) the plaintiff failed to do so; and (4) the defendant has been so damaged in the transaction the plaintiff is not entitled to recover. *Id.* 15 U.S.C. 1640(e) specifically authorizes a person to assert certain TILA violations in an action to collect the debt outside the TILA limitations period "as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law."

**{¶20}** Turning to the merits of Appellant's appeal, he argues Appellee was obligated to disprove Appellant's affirmative and other defenses. However, "[a] plaintiff or counterclaimant moving for summary judgment does not bear the initial burden of addressing the nonmoving party's affirmative defenses." *Todd Dev. Co. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, syllabus. The *Todd* Court observed:

> We agree with the appellants that there is no requirement in the Civil Rules that a moving party must negate the nonmoving party's every possible defense to its motion for summary judgment. To the contrary, Civ.R. 56(E) states that a party opposing summary judgment may not rest upon its pleadings, but must set forth specific facts showing that there is a genuine issue for trial. If a moving party meets the standard for summary judgment

required by Civ.R. 56, and a nonmoving party fails to respond with evidence of a genuine issue of material fact, a court does not err in granting summary judgment in favor of the moving party.

*Id.* at ¶ 14.

**{¶21}** As a consequence, we find Appellee had no obligation to disprove Appellant's affirmative defense and other defenses. Insofar as Appellee demonstrated no genuine issue of material fact exists regarding the existence of the contract, Appellee's performance, Appellant's breach, and damages resulting therefrom, the burden shifted to Appellant to offer evidence in support of his respective defenses. In other words, the burden shifted to Appellant to demonstrate a genuine issue of material fact existed with respect to his asserted defenses.

**{¶22}** Next, Appellant argues Appellee's alleged violation of 15 U.S.C. 1665e constitutes evidence of Appellee's breach of the implied covenant of good faith and fair dealing. Appellant attempts to read 15 U.S.C. 1665e into the terms of the credit card agreement as he conceded at oral argument no private right of action exists under the statute.[1]

**{¶23}** Appellant asserted no counterclaim for breach of contract or breach of the implied covenant of good faith and fair dealing. In *Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St.3d 453, 2018-Ohio-15, 97 N.E.3d 458, the Ohio Supreme Court opined "there is no independent cause of action for breach of the implied duty of good faith and fair dealing apart from a breach of the underlying contract." *Id.* at ¶ 45. Insofar as Appellant did not file counterclaims for breach of contract and breach of the implied duty of good

---

[1] Numerous courts have found TILA does not provide a private right of action with respect to claims under "Part C," that is, 15 U.S.C. 1661-1665e, captioned "Credit advertising and Limits on Credit Card fees." *Carrasco v. M&T Bank*, 2021 WL 4846844, *7 (D. Md.) ; *Jordan v. Montgomery Ward & Co.*, 442 F.2d 78, 81 (8th Cir. 1971) ("In fact it appears that it was the intent of the Congress not to provide private civil relief for violations of the credit advertising provisions."), cert. denied 404 U.S. 870 (1971); *Smeyres v. General Motors Corp.*, 660 F. Supp. 31, 32-33 (N.D. Ohio 1986) ("[N]o private cause of action exists under Part C of Subchapter I of the Truth In Lending Act[.]"), aff'd 820 F.2d 782 (6th Cir. 1987).

faith and fair dealing, we find he is procedurally barred from asserting the good faith and fair dealing claim.

**{¶24}** Finally, Appellant argues Appellee's breach of contract claim is preempted by federal law. Appellant did not argue federal preemption in his opposition brief to the motion for summary judgment. However, at oral argument, Appellant's counsel argued, "Federal law preempts the state law. The Federal law on credit cards is rather clear. It says – and what we are calling to here – is in order to issue a credit card, you must have an application for that credit card." (4/10/23 Hrg. Tr., p. 4.) Appellant's counsel advanced no legal analysis at oral argument.

**{¶25}** Despite de novo review on summary judgment, we have explained there is no "second chance" to raise arguments that should have been raised before the trial court. *Price v. K.A. Brown Oil & Gas, L.L.C.*, 7th Dist. Monroe No. 13 MO 13, 2014-Ohio-2298, ¶ 17, quoting *Am. Express Centurian Bank v. Banaie*, 7th Dist. Mahoning No. 10 MA 9, 2010-Ohio-6503, ¶ 24. Appellant did not brief nor argue the applicable law on federal preemption before the trial court.

**{¶26}** Nonetheless, the doctrine of federal preemption originates from the Supremacy Clause of the United States Constitution, which provides that "the Laws of the United States * * * shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." Article VI, cl. 2. In 2021, the Ohio Supreme Court provided the following explanation of federal preemption in *State ex rel. Yost v. Volkswagen Aktiengesellschaft*, 165 Ohio St.3d 213, 2021-Ohio-2121, cert. denied sub nom. *Volkswagen Aktiengesellschaft v. Ohio*, 142 S.Ct. 515, 211 L.Ed.2d 313:

> Under the Supremacy Clause, the United States Congress has the power
> to preempt state law. *In re Miamisburg Train Derailment Litigation*, 68 Ohio
> St.3d 255, 259, 626 N.E.2d 85 (1994); see also *Gibbons v. Ogden*, 22 U.S.
> 1, 210-211, 9 Wheat. 1, 6 L.Ed. 23 (1824) ("the act of Congress, or the
> treaty, is supreme; and the law of the State, though enacted in the exercise
> of powers not controverted, must yield to it"). Congress may do so either
> expressly or impliedly. *Kansas v. Garcia*, [589] U.S. ——, ——, 140 S.Ct.

791, 801, 206 L.Ed.2d 146 (2020); *Girard v. Youngstown Belt Ry. Co.*, 134 Ohio St.3d 79, 2012-Ohio-5370, 979 N.E.2d 1273, ¶ 14.

When Congress expressly preempts state law, it explicitly says so with clear statutory language. *English v. Gen. Elec. Co.*, 496 U.S. 72, 78-79, 110 S.Ct. 2270, 110 L.Ed.2d 65 (1990). When considering whether preemption is implied, courts look to congressional intent to determine whether Congress meant to preempt state law without saying as much. *See id.* at 79, 110 S.Ct. 2270. Identifying implied preemption is thus a little more complicated than identifying express preemption, but courts generally find this type of preemption in two circumstances.

The first circumstance occurs when Congress has enacted a legislative and regulatory scheme that is so pervasive " 'that Congress left no room for the States to supplement it' " or when the legislative and regulatory scheme " 'touch[es] a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject.' " (Brackets added in *English.*) *Id.*, quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947). Implied preemption of this variety is referred to as "field preemption." *English* at 79, 110 S.Ct. 2270. * * *

The second circumstance in which implied preemption is found occurs when a state law "actually conflicts with federal law." *Id.* This type of implied preemption is fittingly referred to as "conflict preemption." *Id.* at fn. 5. Conflict preemption may be broken down further into subcategories depending on whether the conflict exists because (1) compliance with both state and federal law is impossible, *Id.* at 79, 110 S.Ct. 2270, citing *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142-143, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963), or (2) the state law " 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of

Congress,' " *Id.*, quoting *Hines v. Davidowitz*, 312 U.S. 52, 67, 61 S.Ct. 399, 85 L.Ed. 581 (1941).

*Id.* at ¶ 11-14.

**{¶27}** Appellant has failed to establish express or implied federal preemption of Appellee's breach of contract claim. 15 U.S.C. 1640(e), which creates an exception to the limitations period for TILA claims asserted in terms of recoupment in an action to collect a debt, clearly reflects that Congress did not intend to preempt state actions to collect a debt based on the federal statute.

**{¶28}** Finally, Appellant has failed to offer any evidence Appellee violated 15 U.S.C. 1642. Appellant argues Appellee objected to Appellant's interrogatory propounded to elicit the distinction between a Voice Credit Card® and a Mastercard Worldcard. However, Appellant made no other effort to elicit the foregoing information through discovery. Moreover, the credit card statements in the record establish the caption "Mastercard Worldcard" does not create a genuine issue of material fact regarding Appellant's allegation he received a different card than the card for which he applied. Text in the credit card statements refer to the card as a "Voice Credit Card®." Based on the record, we find that Appellant failed to meet his burden to show that a genuine issue of material fact exists with respect to the alleged TILA violation.

## CONCLUSION

**{¶29}** For the foregoing reasons, the entry of summary judgment in favor of Appellee by the trial court is affirmed.

Waite, J., concurs.

Robb, P.J., concurs.

Case No. 23 JE 0011

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**